UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SELIM SAHINKAYA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-0717-B |
| | § | |
| THE TRAVELERS INDEMNITY | § | |
| COMPANY and CINDI OWENS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are 1) Plaintiff's Motion for Remand (doc. 8), filed May 7, 2010, and 2) Defendants' Opposed Motion to Stay (doc. 10), filed May 21, 2010. Having considered the motions, responses, record and applicable law, and for the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Remand and **DENIES** Defendants' Opposed Motion to Stay as moot.

### I.

### BACKGROUND

This action arises from the alleged bad faith handling and wrongful denial of Plaintiff's workers' compensation claim following an on-the-job injury during Plaintiff's employ at GNC Corporation.[1] Plaintiff Selim Sahinkaya ("Plaintiff"), following his alleged on-the-job injury, submitted a claim to Defendant Travelers Indemnity Company ("Travelers") under the workers' compensation policy maintained on his behalf by his employer. Travelers denied him benefits on or

---

[1] These background facts are taken from Plaintiff's Original Petition, filed March 8, 2010 ("Petition").

- 1 -

about September 24, 2009. (Ex. A to Petition, Denial of Benefits Letter.) The Denial of Benefits Letter names Defendant Cindi Owens ("Owens") as the adjuster for Plaintiff's claim. *See id.* Plaintiff successfully appealed to the Texas Department of Insurance, Division of Workers' Compensation, which determined that Plaintiff had a compensable injury, and ordered Travelers to pay him benefits in accordance with the order. (Ex. B to Petition, Final Order of Tex. Department of Insurance.)

Plaintiff initially filed this lawsuit in the 101st Judicial District Court of Dallas County, Texas to recover for injuries he alleged were caused by Travelers' and Owens' violations of Section 541.060 of the Texas Insurance Code (formerly Article 21.21), in the handling of his workers' compensation claim, including unfair settlement practices.[2] On April 8, 2010, Defendants, pursuant to 28 U.S.C. § 1446(a), removed this action to federal court based on diversity jurisdiction, claiming that Defendant Owens was improperly joined to defeat diversity jurisdiction. On May 7, 2010, Plaintiff filed the instant Motion for Remand, arguing that removal of this case was improper. Instead, Plaintiff contends that Owens was not improperly joined as a defendant in this action, and therefore complete diversity of citizenship is lacking. Plaintiff requests that the Court remand this action to the state court in which it was originally filed. It is undisputed that Plaintiff and Owens are citizens of Texas. Thus, if adjuster Owens was properly joined in this lawsuit, the Court lacks diversity jurisdiction.

---

[2]Plaintiff also alleges a cause of action against Owen under the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA), which provides that a violation of the Texas Insurance Code also constitutes a violation of the DTPA. (Petition at 6-7.) Thus, the Court need not address Plaintiff's DTPA claim against Owens as the Court's ruling as to Plaintiff's cause of action for violations of the Texas Insurance Code will be determinative. Plaintiff also asserts a cause of action for breach of the duty of good faith and fair dealing solely against Travelers, and asserts a DTPA claim against Travelers. (Petition at 5-6.)

## II.

## ANALYSIS

*A.     Legal Standards*

For a case to be removed based on diversity jurisdiction, "'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). Further, pursuant to 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if an improperly joined defendant is a citizen of the state in which the action is brought.

Because the jurisdiction of the federal courts is limited, a federal court must presume that a suit falls outside its jurisdiction. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party invoking federal jurisdiction has the burden of establishing it. *Id.* In the removal context, this is the removing party. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute must be strictly construed in favor of remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

"When a defendant removes a case to federal court on a claim of improper joinder [of an in-state defendant], the district court's first inquiry is whether the removing party has carried its heavy burden of proving that joinder was improper." *Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 576 (5th Cir. 2004). Improper joinder may be proven in two ways. A defendant may establish improper joinder by demonstrating actual fraud in the pleading of jurisdictional facts. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Alternatively, a defendant may establish improper joinder by proving that

the plaintiff will be unable to establish a cause of action against the non-diverse defendant in state court.  *Id.*  Because the citizenship of the Individual Defendant is not in dispute, the Court will focus its analysis on the second inquiry.

A non-diverse defendant will be found to be improperly joined if there is no possibility that the plaintiff can establish a cause of action against that defendant under the applicable law.  *Id.*  "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573; *see also Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (internal citation omitted) (in assessing whether a defendant has been improperly joined, court is not required to "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so.").  A court must view all factual allegations in the light most favorable to the plaintiff and any contested issues of fact or ambiguities of state law must be resolved in the plaintiff's favor.  *Travis*, 326 F.3d at 649.

Thus, Defendants assume a heavy burden in establishing improper joinder.  *Id.*  They must establish that there is no arguably reasonable basis for predicting that state law might impose liability on Owens based on the allegations.  *Smallwood*, 385 F.3d at 573.

There are two "proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law."  *Bramlett v. Medical Protective Co. of Fort Wayne, Indiana*, 2010 WL 1491422 at *3 (N.D. Tex. Apr. 13, 2010) (Fitzwater, J.) (quoting *Smallwood*, 385 F.3d at 573).  As stated succinctly in *Bramlett*:

> "The court may conduct a Rule 12(b)(6)-type analysis[3], looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b) challenge, there is no improper joinder." In cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."

*Id.* at *3 (internal footnote omitted). The summary inquiry is only appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. The Fifth Circuit cautions district courts against "pretrying a case to determine removal jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) (internal citation omitted).

B.  *Reasonable Basis to Predict Recovery Against Defendant Owens*

In their Motion to Remand, Defendants argue that Owens was improperly joined because Plaintiff has not asserted any valid state law causes of action against her. Defendants argue that Plaintiff fails to identify Cindi Owens as the adjuster hired by Travelers to adjust Plaintiff's workers' compensation claim, and alleges no actionable conduct by Owens. (doc. 11, Def. Resp. at 3.) Defendants further argue that Plaintiff's allegations are insufficient under *Twombly*, 550 U.S. 544, and *Iqbal*, 129 S.Ct. 1937, and are "mere legal conclusions couched as factual allegations[.]" (doc. 11, Def. Resp. at 8.)

In support of remand, Plaintiff argues that Owens was properly joined because he has asserted a valid cause of action against her under the Texas Insurance Code, Section 541.060. To rebut

---

[3]To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

Defendants' arguments, Plaintiff refers the Court to the Denial of Benefits Letter attached as Exhibit A to his Original Petition, which specifically names Owens as the adjuster for Plaintiff's claim. Plaintiff also cites at length to his allegations, contending they are not conclusory.[4]

Texas law allows a claim under Chapter 541 of the Texas Insurance Code against an adjuster in her individual capacity. *See, e.g., Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 (5th Cir. 2007). Moreover, a claims adjuster may qualify as a "person" who is "engaged in the business of insurance" for purposes of violations of the Texas Insurance Code and DTPA. Tex. Ins. Code Ann. § 541.002; Tex. Bus. & Comm. Code Ann. § 17.50; *Garrison Contractors*, 966 S.W.2d at 487 ("section 16 of Article 21.21 provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance."); *Vargas v. State Farm Lloyds*, 216 F.Supp.2d 643, 648 (S.D. Tex. 2002) (although "the duties of an insurance adjuster are starkly different from those of an insurance agent, an insurance adjuster nevertheless engages in the business of insurance by investigating, processing, evaluating, approving, and denying claims."). It is undisputed that Owens was the adjuster who denied Plaintiff's claim. (Ex. A to Petition, Denial of Benefits Letter.) Accordingly, Owens is a "person" subject to liability under Chapter 541 of the Texas Insurance Code.

---

[4]The Court notes that Plaintiff erroneously suggests that the Court employ the notice pleading standard under Texas law in evaluating his allegations relating to Owens. (doc. 8, Mot. for Remand at 7.) Rather, the federal court employs the federal pleading standard under Rule 12(b)(6) in this context. *See Bramlett*, 2010 W.L. 1491422 at *3 (Fitzwater, J.) (applying federal pleading standard in assessing whether plaintiff has a reasonable basis for recovery under state law in improper joinder analysis); *Wofford v. Allstate Texas Lloyd's*, 2010 WL 2331361, at *5 (S.D. Tex. June 9, 2010) (same).

The Court now addresses Defendants' argument that Plaintiff's allegations are too conclusory to survive a Rule 12(b)(6)-type analysis. (doc. 11, Def. Resp. at 8.) In his Original Petition, Plaintiff alleges that Owens, as claims adjuster, committed, among other violations, the following unfair settlement practices in violation of section 541.060 of the Texas Insurance Code: in violation of section 541.060(a)(2)(A), Owens "failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear"; in violation of section 541.060(a)(3), Owens "failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim"; and in violation of section 541.060(a)(7), Owens "refused to pay a claim without conducting a reasonable investigation with respect to the claim." (doc. 8-1, Petition ¶¶ 5.2-5.5.) Plaintiff further alleges that "Travelers and Ms. Owens's delay and imposition of severe economic distress and delayed medical treatment had reasonably anticipated consequences on Mr. Sahinkaya from which he is still fighting to recover. . . . In addition, Mr. Sahinkaya has suffered financial harm and damage to his credit as a result of Travelers and Ms. Owens's denials and repeated delays." (doc. 8-1, Petition ¶ 4.3.)

Resolving all factual disputes and ambiguities in Plaintiff's favor, as the Court is obliged to do in analyzing improper joinder (*Travis*, 326 F.3d at 649; *Guillory*, 434 F.3d at 308; *Gasch*, 491 F.3d at 281), the Court determines that Plaintiff's allegations in his Original Petition state a plausible claim that Owens, while acting as a "person" engaged in the insurance business, engaged in violations of section 541.060.

As already stated, to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. From the Original Petition, the Court is able to draw the "reasonable inference" that Owens could be liable under Texas law for

the alleged misconduct. *See Iqbal*, 129 S.Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

While the allegations do not indisputably establish that Owens will be liable under Texas law for the alleged causes of action, this is not the test. Rather, it is Defendants' heavy burden to show that Plaintiff has no reasonable possibility of recovery. *Smallwood*, 385 F.3d at 573. This Defendants have not done. For these reasons, the Court finds that Defendants have not satisfied their burden of establishing that Owens was improperly joined in this lawsuit and remand is, therefore, warranted. *See generally Fairchild v. Allstate Texas Lloyd's*, 2010 WL 2486980 at *3 (S.D. Tex. June 15, 2010) (Werlein, J.) (granting motion to remand where Allstate had "not proffered any evidence disproving Plaintiff's allegations" and thus "had not met its burden to show Plaintiff has no reasonable basis for recovery against [a]djusters"); *Harris v. Allstate Texas Lloyd's*, 2010 WL 1790744 at *4 (S.D. Tex. Apr. 30, 2010) (Lake, J.) (granting motion to remand where plaintiff's "allegations, if proven true, would create a reasonable probability that [the plaintiff] could prevail in his claims against the [individual adjuster]."); *Wofford v. Allstate Texas Lloyd's*, 2010 WL 2331361 at *7 (S.D. Tex. June 9, 2010) (Hoyt, J.) (granting motion to remand where Allstate failed to meets its "heavy burden to establish with certainty that plaintiffs have *no reasonable possibility* of recovery against [the adjuster] individually.") (original emphasis); *Clark v. State Farm Lloyd's*, 2001 WL 1516762 at **1-2 (N.D. Tex. Nov. 26, 2001) (granting motion to remand based on finding that "there exists a possibility that Plaintiffs will be able to establish a state law cause of action against [individual adjuster]" and Defendants failed to meet their burden of showing that "there is *no possibility* that the plaintiff [will] be able to establish a cause of action against the non-diverse defendant [] in state court.") (original

emphasis) (citation omitted).

## III.

## CONCLUSION

Based on the foregoing, the Court determines that Defendants have failed to establish that Plaintiff will be unable to assert a cause of action against Defendant Owens under applicable state law. For the reasons expressed above, the Court concludes that Defendant Owens was not improperly joined in this case. Accordingly, the Court **GRANTS** Plaintiff's Motion for Remand (doc. 8) and **DENIES** Defendants' Opposed Motion to Stay (doc. 10) **as moot.** The court hereby **remands** this action to the 101st Judicial District Court of Dallas County, Texas. The clerk of court shall effect the remand in accordance with the usual procedure.

**SO ORDERED.**

**SIGNED August 5, 2010.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE